IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Milad Hanna Otayek and Najat Otayek, | ) ) ) | CIVIL ACTION NO.: 7:17-cv-02221-MGL |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **COMPLAINT** (Personal Injury) (JURY TRIAL REQUESTED) |
| Adrian Zubirie Sanchez and ADL Express, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

The Plaintiffs above named, complaining of the Defendants herein, would respectfully show unto the Court:

1. The Plaintiffs, Milad Hanna Otayek and Najat Otayek are citizens and residents of the County of Gwinett, in the State of Georgia.

2. The Defendant, Adrian Zubirie Sanchez, is upon information and belief, a citizen and resident of the Ciudad Victoria in the Philippines.

3. The Defendant, ADL Express, LLC, (hereinafter "Defendant ADL" is upon information and belief, is a trucking company based out of Laredo, Texas.

4. At all times herein mentioned and in regard to all matters herein mentioned the Defendant ADL; acted by and through their agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment, and for whose acts and omissions these Defendant is liable.

5. The Plaintiffs are informed and believed Defendant ADL was operating a commercial enterprise engaged in the interstate transportation of commercial materials in the United States.

6.     On or about December 8, 2014, the Plaintiff Milad Hanna Otayek was traveling North on I-85 North in or near Spartanburg, SC, near mile marker 76.  The Defendant, Adrian Zubirie Sanchez was stopped in the right-hand lane of I-85 without his lights on, and without any visible warning lights on and the Plaintiff, Milad Hanna Otayek's tractor trailer hit the tractor trailer of Defendant, Sanchez.  Therefore, Defendant Sanchez being stopped in the right-hand lane of I-85 without lights primarily caused the collision between the tractor trailers and the resulting damages.

7.     The collision was a direct and proximate result of the negligence and the recklessness of the Defendant, Sanchez as follows:

   a.   Improperly stopped in the roadway;

   b.   in failing to maintain a proper distance from the roadway;

   c.   in failing to keep a proper lookout for oncoming traffic;

   d.   in operating his 18-wheeler in an unsafe manner;

   e.   in failing to keep his lights on while stopped;

   f.   in failing to place warning lights on the roadway when he stopped;

   g.   in failing to maintain his vehicle;

   h.   in failing to use the degree of care and caution a reasonable and prudent person would have used under the same or similar circumstances;

   i.   and in such other particulars as the evidence at trial may show.

8.     The aforementioned collision was a direct and proximate ADL Express, LLC as follows:

   a. In failing to conduct a proper pre-hiring investigation into the driving abilities of Sanchez;

   b.    In failing to properly train Sanchez in the operation of a tractor

2

trailer vehicle which was driven under the placard of ADL;

c.  In failing to properly supervise Sanchez;

d.  In entrusting a vehicle to Sanchez under the placard of ADL when ADL knew or should have known that Sanchez would not drive the vehicle in a proper manner;

e.  In failing to conduct proper auditing procedures on the logbooks of drivers to ensure they were not driving beyond federally prescribed mandates;

f.  In allowing Sanchez to drive beyond prescribed periods of time;

g.  In failing to institute a proper system to ensure that drivers were following federally mandated constraints on hours of service in a ADL vehicle or a vehicle driven under the ADL placard;

h.  in failing to follow up with former employers to determine the propensity of Sanchez to drive the truck driven under the ADL placard in a safe manner;

I.  In failing to use proper tracking techniques to determine the proper amount of hours any drive would be allowed to operated vehicle driven under the ADL placard;

j.  in failing to institute a system that would allow ADL to properly train and supervise drivers to help ensure they would be safe stewards of vehicles drive under the ADL placard;

k.  In failing to have in place policies and procedures to train and/or monitor its drivers, or if such procedures were in place, in failing to enforce them;

l.  In failing to have in place adequate policies and procedures to mandate compliance by its drivers with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

m.  In failing to have in place an adequate safety program for the safety and protection of the motoring public, or if such program was in place, in failing to implement it;

n.  In failing to ensure that Sanchez had the proper training and experience to be able to navigate a vehicle in a safe and effective manner;

3

      o.     In entrusting a vehicle to Sanchez when ADL knew or should have known that Sanchez could not navigate the vehicle in a safe and effective manner;

      p.     In failing to properly investigate Sanchez's driving record and/or ability to drive to ensure that Sanchez possessed the requisite skill and attention to maintain control of and ability to drive a vehicle for ADL;

      q.     In failing to ensure that Sanchez had sufficient, adequate and current training, credentials and skills to properly drive a vehicle driven under the ADL placard;

      r.    in failing to properly maintain the vehicle;

      s.    in failing to use the degree of care and caution a reasonable and prudent person would have used under the same or similar circumstances;

      t.    and in such other particulars as the evidence at trial may show.

9.     As a direct and proximate result of the negligence and recklessness of the Defendants, the Plaintiff Milad Hanna Otayek was injured as follows:

      a.     suffered traumatic and permanent injury including neck, back, head, abdomen, right leg, ankle and foot;

      b.     incurred substantial medical expenses and will continue to incur such expenses in the future;

      c.     suffered severe pain and mental anguish and will continue to so suffer in the future;

      d.     suffered an impairment in his ability to enjoy life;

      e.     suffered property damage to, loss of use of and depreciation of his 2004 Freightliner Tractor Trailer.

10.    As a result of the negligence and recklessness of the Defendant which injured the Plaintiff, he is informed and believes he is entitled to recover actual and punitive damages against the Defendants.

## FOR A SECOND CAUSE OF ACTION

11. Any and all allegations of the Paragraphs hereinabove are hereby incorporated herein as fully as if repeated herein verbatim.

12. As a direct and proximate result of the negligence and recklessness of the Defendants, the Plaintiff Najat Otayek, the wife of the Plaintiff Milad Hanna Otayek, was injured as follows:

      a. suffered a loss of service, society, and companionship of her husband;

      b. suffered a loss of support from her husband's wages;

      c. suffered severe emotional and mental anguish and will continue to so suffer in the future.

13. As a result of the negligence and recklessness of the Defendants which injured the Plaintiff Najat Otayek, the Plaintiff Najat Otayek, is informed and believes she is entitled to recover actual and punitive damages against the Defendants.

WHEREFORE, the Plaintiff prays for judgment against the Defendants in an amount exceeding $100,000.00 actual and punitive damages, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

Columbia, South Carolina
August 21, 2017

      s/Pamela R. Mullis_____
      Pamela R. Mullis, Fed. I.D. # 7254
      **MULLIS LAW FIRM**
      Post Office Box 7757
      Columbia, South Carolina 29202
      (803) 799-9577

      ATTORNEYS FOR THE PLAINTIFF